UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
| | : | 3:01-CR-00292 (JCH) |
| | : | |
| v. | : | |
| | : | |
| THOMAS HOLMAN | : | JANUARY 4, 2012 |
| | : | |
| | : | |

**RULING RE: MOTION FOR RETROACTIVE APPLICATION OF SENTENCING GUIDELINES TO CRACK COCAINE OFFENSE, 18 U.S.C. § 3582 (DOC. NO. 136)**

Thomas Holman seeks a reduction in the sentence imposed by this court on December 12, 2002, pursuant to 18 U.S.C. Section 3583(c)(2).  See Motion for Sentencing Modification (Doc. No. 136) ("Mot. for Resentencing").

On March 25, 2002, Holman pled guilty to conspiracy to possess with intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. Sections 6 and 841(b)(1)(B).  See Transcript of Guilty Plea (Doc. No. 70) at 48-49.

At sentencing on December 12, 2002, the court determined that Holman was a career offender.  Pursuant to the career offender guidelines, Holman's offense level was 31, with a criminal history category of VI.  See U.S.S.G. § 4B1.1.  The corresponding sentencing range was 188 to 245 months' imprisonment.  This court sentenced Holman to 210 months of imprisonment and 5 years of supervised release.  See Addendum to Pre-Sentence Report (Doc. No. 132).

On September 30, 2008, Holman moved for retroactive application of the 2008 change in the crack-cocaine sentencing guidelines.  See Mot. for Retroactive Application of Crack Guidelines (Doc. No. 128).  The court reviewed Holman's Pre-

Sentence Report and its Statement of Reasons, and concluded that Holman was not eligible for resentencing because he was sentenced as a career offender.  <u>See</u> Order Denying Mot. to Reduce Sentence (Doc. No. 131).  Before the court is Holman's Motion for a Reduction in his sentence pursuant to the Fair Sentencing Act of 2010 ("FSA").  <u>See</u> Mot. for Resentencing.

Under the commentary to Section 1B1.10, a reduction in sentence is not authorized when "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision."  U.S.S.G. Section 1B1.10 n.(1)(A).  Because Holman's sentence under the career offender provision would remain unaltered in light of the amendments to 18 U.S.C. 3583(c)(2), Holman is not eligible for resentencing.

Holman nonetheless argues that <u>Freeman v. U.S.</u>, 131 S.Ct. 2685 (2011) should be read to undermine the Second Circuit case law that denies retroactive application of crack cocaine guidelines reductions when defendants have been sentenced as career offenders.  <u>See</u> Mot. for Resentencing 3-5.  <u>Freeman</u> is inapposite here.  The Second Circuit, interpreting <u>Freeman</u>, noted an "important principle" established by its precedent: that "if a crack offender who was also a career offender under § 4B1.1 received no downward departure at his initial sentence, he is not eligible for a reduction, at least where 'the career offender range  . . . remains unaltered by the crack cocaine amendments.'  In those circumstances, the sentence was 'based on' the career offender range, which has not been lowered by the Commission, rather than the range produced by the amended crack guideline."  <u>U.S. v. Rivera</u>, 662 F.3d 166, 171-72 (2d Cir. 2011) (citing <u>U.S. v. Martinez</u>, 572 F.3d 82, 83 (2d. Cir. 2009)).  Holman's Motion is controlled

by this statement: he is a career offender Section 4B1.1 and received no downward departure at his initial sentence.  The sentencing range applicable to Holman, as determined by the career offender provision, remains unaltered by the crack cocaine amendments.  Therefore, <u>Freeman</u> does not alter the fact that Holman is not eligible for a reduction in his sentence.

Holman's Motion (Doc. No. 136) is therefore **DENIED**.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 4th day of January, 2012.

<u>     /s/ Janet C. Hall          </u>
Janet C. Hall
United States District Judge